UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIVERIOUS HOLDEN SR.**                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 16-17889**

**WINN CORRECTIONAL CENTER**                   **SECTION "J"(2)**

### ORDER AND REASONS

Pro se plaintiff, Diverious Holden Sr., is an inmate currently incarcerated in the Allen Correctional Center in Kinder, Louisiana. He filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against defendants Warden Keith Deville, the Winn Correctional Center, Bob Dietier III and the Winn Correctional Center Medical Department. Holden alleges that defendants failed to provide him with adequate medical care for a skin condition while he was incarcerated in the Winn Correctional Center. Record Doc. No. 1, Complaint, at pp. 3-4, ¶ IV. Plaintiff seeks monetary compensation and removal of Dietier from his position. Record Doc. No. 1, Complaint, at p. 4, ¶ V.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. <u>Jones v. Bales</u>, 58 F.R.D. 453 (N.D. Ga. 1972), <u>aff'd</u>, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

---

[1] The court by this order has instructed the Clerk of Court to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Western District of Louisiana.

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

The events forming the factual basis of plaintiff's claims allegedly occurred in the Winn Correctional Center in Winn Parish. The defendants are employed at that facility in Winn Parish, which is located within the jurisdiction of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). No defendant is alleged to reside in or to be located within the Eastern District of Louisiana. Venue is not proper in the Eastern District. On the other hand, venue is proper in the Western District of Louisiana and the interests of justice dictate that this case be transferred, rather than being dismissed on grounds of improper venue. A magistrate judge is authorized to

transfer to another district a complaint asserting claims based upon events occurring in that district. Balawajder, 160 F.3d at 1067.

It is therefore **ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that the determination of pauper status is deferred to the United States District Court for the Western District of Louisiana after transfer of this matter to that court.

New Orleans, Louisiana, this \_\_\_\_24th\_\_\_\_ day of February, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3