a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DIVERIOUS HOLDEN, SR., Plaintiff | CIVIL ACTION NO. 1:17-CV-0311-P |
| VERSUS | CHIEF JUDGE DRELL |
| WINN CORRECTIONAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Diverious Holden, Sr. ("Holden") (#448989). Holden has been granted leave to proceed *in forma pauperis*. (Doc. 9). Holden is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Allen Correctional Center in Kinder, Louisiana. Holden complains about the medical care he received when he was incarcerated at Winn Correctional Center ("WCC"). Holden names as defendants WCC, Warden Keith Deville, and Bob Dietier III.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Holden alleges that, on December 31, 2015, he complained of a "red spot" on his lower abdomen, and was treated with antibiotic cream. On January 2, 2016, Holden made a medical emergency request and was examined by Nurse Duncan. Nurse Duncan measured the spot at 13x5 inches. Holden does not specify what, if

any, treatment was provided. (Doc. 1, p. 3). However, according to his exhibits, Holden was prescribed antibiotics and warm compresses. (Doc. 1, p. 6).

On January 3, 2016, Holden awoke with chills and vomiting. Holden alleges that he was told to submit a regular sick call, as his situation was not deemed an emergency. (Doc. 1, p. 3-4).

Holden states that, on January 4, 2016, he "passed out" when he tried to get out of bed. (Doc. 1, p. 4). According to the exhibits, Holden was examined by Nurse Fobbs pursuant to an emergency request for treatment. (Doc. 1, p. 6). It was noted that Holden had been prescribed antibiotics and warm compresses. (Doc. 1, p. 6). Holden was admitted to the medical ward. (Doc. 1, p. 6).

On January 5, 2016, Holden was prescribed Ultram for pain, and an appointment was scheduled for the following day at University Health. (Doc. 1, p. 6).

Holden was transported to the hospital and admitted with a diagnosis of cellulitis. (Doc. 1, p. 6). After his hospitalization and treatment, Holden received pain medication and daily dressing changes at WCC. (Doc. 1, p. 6).

II. Law and Analysis

    A. Holden's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Holden is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Holden's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis,* Holden's complaint is also subject to screening under

§ 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.     Holden fails to allege deliberate indifference.

Holden complains about the medical care received at WCC. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Holden has not presented factual allegations indicating that any defendants acted with deliberate indifference. Over the course of six days, Holden received medical treatment including antibiotics, warm compresses, prescription pain medication, admission to the prison medical ward, and ultimately, he was taken to the hospital for additional treatment. He also received additional medical treatment, including x-rays, for a shoulder injury. Holden does not present facts indicating that Defendants ignored his complaints or intentionally treated him incorrectly. To the extent that Holden disagrees with the treatment he received, he cannot state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Holden's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge